UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                         Case No.: 8:25-cr-579-TPB-TGW

KENNETH MORGAN.
_____/

**UNOPPOSED MOTION FOR DETERMINATION OF DEFENDANT'S COMPETENCY AND REQUEST FOR COMPETENCY HEARING**

COMES NOW, appointed counsel for the Defendant, Kenneth Morgan, pursuant to 18 U.S.C. §§ 4241(a) and 4247(d) hereby moves this Honorable Court to set a competency hearing pursuant to 18 U.S.C. §4247(d) and following said hearing to make a finding regarding the defendant's competency to stand trial. The Government is not opposed to this request.[1]  As grounds in support thereof, undersigned counsel states as follows:

1. On December 5, 2025, Mr. Morgan appeared before the Court on a criminal complaint. Doc. 1 and 7. Mr. Morgan was ordered detained pending trial. Doc. 8.

2. On December 18, 2025, an Indictment was filed charging Mr. Morgan with two counts of Threat to Injure 18 U.S.C. § 875(c). Doc.12. An

---

[1] The undersigned has conferred with Assistant United States Attorney Karyna Valdes who has advised the government is not opposed to this request.

      Arraignment was held on January 5, 2026, before Honorable Natalie Hirt Adams. Doc. 14.

3. A *Pretrial Discovery Order and Notice* was entered by this Court setting this matter for February 2026 trial term beginning February 2, 2026, and with a status set January 20, 2026. Doc. 18.

4. On January 20, 2026, status conference was held. Doc. 19.

5. Defense has had Mr. Morgan evaluated by Dr. Amy Gambow, who observed "he had trouble remaining on topic and giving direct responses." Exhibit A at 8. She further observed that he "lacked the capacity to reason through and navigate legal proceedings, effectively problem-solve, or appreciate realistic options in his case due to his delusional thinking." *Id*. Finally she said that "Due to [his delusions and false beliefs], Mr. Morgan does not appear capable of testifying on his own behalf, lucidly commenting on witness testimony, or fully participating in trial proceedings due to his impaired mental state." *Id*. Dr. Gambow opined that "Mr. Morgan is not competent to stand trial." *Id*.

6. As a result of previous interactions and evaluation report undersigned counsel has reason to believe that Mr. Morgan is not competent to stand trial and that his difficulties in understanding are due to a mental

2

       disease or defect.

7. Based on these concerns, undersigned counsel is requesting that the court set a hearing to determine whether Mr. Morgan is competent to stand trial.

## **MEMORANDUM OF LAW**

Pursuant to 18 U.S.C. §4241(a), at any time after commencement of a prosecution for an offense and prior to sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.

The Court shall grant a motion under 18 U.S.C. §§ 4241 and 4247 and order a competency hearing if there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense. 18 U.S.C. §4241(a).  The test for competency under this section is whether the defendant has a sufficient present ability to consult with his attorney to a reasonable degree of rational understanding, and whether he has a rational as well as a factual understanding of the proceedings against her. *Cooper v. Oklahoma*, 116 S.Ct. 1373, 1377 (1996); *Dusky v. United States*, 362 U.S. 402 (1960); *United States v. Rinchak*, 820 F.2d 1557 (11th Cir.

1987).

It is undersigned counsel's good faith belief based on his own and other Federal Defender employee's contact with Mr. Morgan, mental health records, history of delusional thinking, and evaluation performed by Dr. Gambow; that Mr. Morgan is not competent to stand trial at this time. As such, a competency hearing pursuant to 18 U.S.C. §4241(c) should be set by this Court.

If, following the competency hearing, this Court finds by a preponderance of the evidence that Mr. Morgan is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, this Court shall commit Mr. Morgan to the custody of the Attorney General and the Attorney General shall then hospitalize Mr. Morgan for treatment in a suitable facility. See 18 U.S.C. § 4241(d).

WHEREFORE, undersigned counsel respectfully moves this Honorable Court to Order a competency hearing to determine Mr. Morgan's competency to proceed to trial.

DATED this 28th day of January 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of January 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Karyna Valdes, AUSA

                                            */s/ Ryan J. Maguire*
                                            Ryan J. Maguire
                                            Assistant Federal Defender